CLARISSA PRESCOTT *against* DE FOREST.

IN ERROR, on *certiorari* to a Justice's Court.

This was an action of trover, brought in the Court below, by the plaintiff in error, against the defendant in error. The material facts in the case are as follows : on the 1st of *February*, 1817, *Stewart* leased a house in *Pearl Street*, in the city of *New-York*, to *Samuel Satterlee*, for one year, from the 1st of *May*, 1817 ; *Satterlee* then leased part of the house, retaining the front part as a store, to the plaintiff, for the annual rent of 1,000 dollars, payable quarterly, for the same term at which he had taken it. On the 1st of *February*, 1818, *Satterlee* obtained a new lease of the house, for a year from the first day of the ensuing *May*. On the 2d of *March*, 1818, the plaintiff having only paid *Satterlee* 32 dollars of her rent, he distrained her goods, upon the premises, and sold them at public auction, in due form of law. The defendant was a purchaser of several articles of furniture at this sale, and there had been a demand and refusal of them before suit brought.

It was proved, that the plaintiff had said, that *Satterlee* had a right to distrain her goods for the rent, and expressed gratitude for his forbearance ; but at the time of the demise from *Satterlee* to her, nothing was said as to the right to distrain, and there was no agreement that he should have that right. It was also proved by two constables, and another witness, that they had each known *one* instance in the city of *New-York*, in which the party distraining for rent, had no reversionary interest in the leased premises, and that no objection was taken on that account. The plaintiff objected to all evidence of this kind, but the objection was overruled. A verdict and judgment were taken for the defendant below.

*Margin note:* Where a person having hired a house for a year, lets out to another a part of the house, for the whole year, he cannot, there being no agreement to that effect, distrain upon his lessee, for rent in arrear, although before the expiration of the year, and before making the distress, he hired the house for another year, and, although there was a custom for lessors who had no reversionary estate in the premises, to distrain. His only remedy is by action for the rent. If a lessor having no reversionary interest, distrain upon his tenant, and sell his goods, a purchaser at such sale acquires no property in them, and the tenant may maintain trover against him.

PLATT, J. delivered the opinion of the Court. The lease from *Satterlee* to the plaintiff, for a part of the house, for the whole term, must be deemed an assignment, and not

NEW-YORK,
May, 1819.

PRESCOTT
v.
DE FOREST.

an underletting. There was no privity of estate between the plaintiff and *Satterlee*, but a privity of contract merely. The plaintiff did not hold as tenant to *Satterlee*, but as tenant to *Stewart*, the original lessor and reversioner. The right of distress is incident to, and inseparable from the reversion ; under such an assignment of the whole term, *Stewart* had a right to distrain on the assignee, and a double right of distress cannot exist in *Satterlee*, and in *Stewart*, unless there was an express agreement for that purpose between the assignee and *Satterlee*. *Stewart*, by reason of the privity of contract and estate, may sue the plaintiff, or distrain her goods, for the rent due to him ; but, *Satterlee* having a privity of contract only, without privity of estate, and without express power to distrain, can only sue upon the contract. ( *Woodfall L. & T*. 285. 286. 196. 2 *Wils*. 375. 1 *Term Rep*. 441.) There is no difference, in this respect, between an assignment of the whole of the demised premises, or a lease or assignment of the whole term, in a part of the premises. Nor can the second lease to *Satterlee*, for the year ensuing, that is, from the 1st of *May*, 1818, to the 1st of *May*, 1819, make any difference in the case. That was a lease to commence *in futuro*, and cannot operate as an assignment of the reversion, which still remained in *Stewart*. By granting, on the 1st of *February*, the new lease to commence on the 1st of *May* following, *Stewart* did not transfer, or lose his right of distraining for the rent, under the old lease. And whether the new lease for the ensuing year, was granted to *Satterlee* or a stranger, could make no difference in the rights of the parties, in relation to the first lease.

The plaintiff's declaration, that *Satterlee* had a right to distrain, must be ascribed to her ignorance of her legal rights, and cannot vary the rule of law. The evidence of custom in *New-York*, was futile, and ought not to have been received. The witnesses, on that point, failed to prove any custom in regard to distress for rent in such cases ; but if they had proved it, we cannot allow any custom in this state, to control the general rules of the common law. Where a custom is of such antiquity, that we cannot trace its origin, it is co-eval with the common law itself ; and then it

forms an exception to the general rule; because, there is ground to presume that they are of equal authority, and that the same power which established the rule, also made the exception. If *Satterlee* had no right to distrain and sell the goods, it necessarily follows, that the defendant, though a *bona fide* purchaser for valuable consideration, acquired no title. It was an unauthorized sale, and transferred no right. I am, therefore, of opinion, that the judgment ought to be reversed.