### HAWES v. GAS CONSUMERS' BENEFIT CO.

*(Common Pleas of New York City and County, Equity Term. March 28, 1890.)*

TRANSFER OF STOCK CERTIFICATES.

A certificate of stock in an incorporated company is not negotiable paper; and, if the company transfers the stock to the indorsee of the certificate after notice of an adverse claim, it does so at its own peril.

Action by Gilbert R. Hawes against the Gas Consumers' Benefit Company of the United States.

*Gilbert R. Hawes,* plaintiff, *pro se. H. Aplington,* for defendant.

LARREMORE, C. J. The main facts set forth in the complaint do not appear to have been controverted. The question of law presented upon the trial was whether a certificate of stock is negotiable paper. Defendant contends that when the certificate was presented to the corporation for transfer the corporation had no option in the matter, and were under no obligation to give plaintiff any notice, and that their only duty was to see that the certificate was properly indorsed. It is shown by the evidence that the defendant had notice of the adverse claim of plaintiff to the certificate in question; that a suit had actually been brought, and a copy of the complaint served upon the defendant, in which it was alleged that one of these certificates of 25 shares was the property of the plaintiff. But the defendant claims that, because no preliminary injunction has been obtained by the plaintiff, the defendant had a right to ignore this adverse claim.

The defendant chiefly relies upon the case of *Weaver* v. *Barden,* 49 N. Y. 286, but the doctrine there established seems to be in favor of the plaintiff's right of recovery. The court there held that the capital stock of an incorporated company is personal property, and the certificate or other evidence of title of ownership is not within the rule of negotiable paper. The purchaser or assignee of the shares of the capital stock in a corporation acquires no other or better title than the seller or assignor has. He takes it subject to the legal and equitable rights of third persons. An unauthorized sale, al-

though for a valuable consideration, and without notice, vests no higher title in the vendee than is possessed by the vendor. *Prescott* v. *De Forest,* 16 Johns. 159; *Covill* v. *Hill,* 4 Denio, 323. The owner cannot be divested of his property except by his own voluntary acts and consent, or by some acts which would be effectual to give title as against him to other movable property and choses in action. The defendant insisted that the proper remedy of plaintiff was against Joseph Swift, the transferee, and not against the corporation; but, in the case last cited, it is held that the plaintiff has a remedy against the corporation permitting the transfer. It cannot be authoritatively claimed that the defendant corporation was not careless, or that its officers did not commit a wrongful act in transferring the stock. The defendant had notice of the plaintiff's claim, and at the time the transfer was made a suit was actually pending to recover this certificate of 25 shares. It seems unnecessary to discuss the question whether Joseph Swift was or was not a *bona fide* holder for value. The fact is undisputed that the defendant, while suit was pending against him to recover this stock, and without notice to the plaintiff, assumed the responsibility of transferring; making thus the judgment subsequently obtained by plaintiff ineffectual, and preventing him from obtaining the stock awarded to him by the court. The plaintiff is entitled to judgment for the relief demanded, with costs.