SAMUEL I. KNIGHT, as President, etc., Appellant, *v.* SACKETT & WILHELMS LITHOGRAPHING COMPANY, Respondent.

Plaintiff and the H. L. Co. entered into an agreement to the effect that the company would make engravings upon stones from designs furnished by plaintiff, at a stipulated price for each engraving, make prints therefrom for him when requested at agreed prices, and would print from them for no one else, the ownership of the engravings to be in him, and of the stones in the company. Plaintiff paid for the engravings. The stones were subsequently sold under chattel mortgages executed by the company, and thereafter came into defendant's possession. Plaintiff tendered the value of the stones themselves, and demanded delivery, which defendant refused. In an action for conversion, *held*, that the complaint was properly dismissed, as plaintiff failed to show any property in or right to the possession of the stones; that if, by parting with them, the company disabled itself from performing the agreement, while it exposed itself to an action for the breach, no rights of plaintiff attached to and followed the stones into the hands of strangers, at least only such as equity might recognize.

(Argued February 6, 1894; decided February 27, 1894.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made July 8, 1892, which affirmed a judgment in favor of

defendant entered upon a decision of the court on trial at Circuit, without a jury, dismissing the complaint, and also affirmed an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William O. Campbell* for appellant. Title to personal property cannot be divested except by the fault or with the consent of the owner. (*Hall* v. *Robertson*, 2 N. Y. 293; *Eli* v. *Ehle*, 3 id. 506; *Wooster* v. *Sherwood*, 25 id. 278; *Brower* v. *Peabody*, 13 id. 121; *Sultus* v. *Everett*, 20 Wend. 267; 2 Kent's Comm. 621; *Boyce* v. *Brockway*, 31 N. Y. 490; *Bassett* v. *Spofford*, 45 id. 387; *Barnard* v. *Campbell*, 55 id. 456; *Gillett* v. *Roberts*, 57 id. 34; *Everett* v. *Coffin*, 6 Wend. 603; *Williams* v. *Merle*, 11 id. 80; *Hoffman* v. *Carow*, 22 id. 285–294; *Prescott* v. *De Forrest*, 16 Johns. 159.) The plaintiff, having a property right in the pictures or drawings on the stones, acquired the right to the stones themselves by paying to the defendant the value of the stones. (2 Code Napoleon, arts. 566, 567, 569, 570, 571, 572, § 2.) One tenant in common can maintain trover as for conversion against his co-tenant. (*Hudson* v. *Swan*, 83 N. Y. 552; *Fiero* v. *Betts*, 22 Barb. 633; *Hyde* v. *Stone*, 7 Wend. 354; 9 Cow. 230; *Gilbert* v. *Dickerson*, 7 Wend. 449; *Mumford* v. *McKay*, 8 id. 442; *Farr* v. *Smith*, 9 id. 338; *White* v. *Osborne*, 21 id. 72.)

*Artemas B. Smith* for respondent. This appeal presents no question which this court will review. (Code Civ. Pro. §§ 1010, 1022, 1023; *Bridger* v. *Weeks*, 30 N. Y. 328; *Wood* v. *Lary*, 124 id. 83, 87; *Gilman* v. *Prentice*, 132 id. 488, 492.) The appellant's evidence shows that he has acquired no property in the stones or right to the use or possession of them. (*Gregory* v. *Striker*, 2 Den. 629; *Dodworth* v. *Jones*, 4 Duer, 201; 2 Pars. on Cont. 86; 2 Story on Bail. § 2; 2 Kent's Comm. 559.) Appellant failed to show any violation of his rights, or damages sustained by him. (*Lennon* v. *Smith*, 124 N. Y. 581; *Stevens* v. *Gladding*, 17 How. [U. S.] 447.)

The rulings upon evidence were correct. (*Hillreigel* v. *Manning*, 97 N. Y. 60; *Gumb* v. *T. T. S. R. R. Co.*, 114 id. 411.)

GRAY, J.   The plaintiff brought this action to recover damages of the defendant for an alleged wrongful conversion of certain personal property, consisting in lithographic drawings or engravings.   Upon the trial, the complaint was dismissed upon the plaintiff's case.   According to his evidence, being desirous to obtain lithographic engravings for use upon covers of writing tablets, he made an oral agreement with the Hatch Lithographing Company that the company should make engravings upon stones for him, from designs to be furnished at a stipulated price for each engraving, and that colored prints should be made therefrom when requested, at agreed rates. He testified that it was their agreement that the ownership of the engravings should be in him and of the stones in the Hatch Company and that the duration of the agreement was not fixed.   It was admitted that the plaintiff had paid bills for the labor of engraving the stones.   Chattel mortgages were given by the Hatch Company upon its properties and, under foreclosure, these stones were sold and, ultimately, came into the possession of the defendant; which refused to deliver them to the plaintiff, when he tendered the mere value of the stones themselves.

The dismissal of the complaint, on the plaintiff's showing, was undoubtedly right; for he failed to show that he had any property in, or any right to, the possession of these stones at any time.   He never had any interest in the stones except under his contract with the Hatch Company; which gave him the right to have impressions or prints made from them.   It is true that he had paid for the labor of engraving them; but it is very clear from his evidence, that, by the agreement into which he entered with the lithographing company, the ownership of the stones continued in the company and that he was only to have his printing done at so much per thousand sheets. The contract between him and the Hatch Company was one which bound the latter to render its skilled services and which

secured to it a fixed compensation. The appellant suggests that the transaction came under a head of bailments known as *locatio operis faciendi;* but that would only have been the case if the plaintiff had furnished the stones and had employed the lithographers to do the engraving upon them. The learned trial judge thought that a tenancy in common of the stones had been created, and his dismissal of the complaint was upon the ground that trover for conversion would not lie, unless the plaintiff could claim as sole owner. But we do not think that the contract testified to made out an ownership in common. Ownership may rest upon agreement; but no inference can be drawn from the plaintiff's version of the transaction that the Hatch Company had agreed that the stones, as engraved, should be owned in common. The evidence was that the stones were to belong to the Hatch Company and that it was not to print from them for anybody else. The plaintiff says: "These designs were to be held upon these stones for me for no purpose whatever except to do my printing as I might order it; that is all. That is the reason they were to be kept upon the stones for me." Taking the plaintiff's statement of the transaction, it is plain that the Hatch Company had bound itself to hold, and to print from, these particular designs, (the ownership of which seems to have been secured to the plaintiff in part, if not wholly, by copyright) whenever ordered by, and solely for, the plaintiff at stipulated rates. This agreement, in its exclusive features, rested upon the consideration of what plaintiff was to pay at once towards the expense of doing the work of engraving and upon the profits to be derived from the business to be given thereafter.

The agreement negatives the idea of any ownership in plaintiff of these stones, by the nature of its requirement of services to be rendered and from the absence of any claim to own the stones themselves. Nor was there any confusion, or an admixture of any property of the plaintiff with, or in, the property of the Hatch Company. The agreement testified to, again, negatives that idea. To that agreement plaintiff could

hold the company and if, by parting with the stones, it disabled itself from performing its agreement, it exposed itself to an action for its breach. In such an event, however, no rights of the plaintiff would attach to and follow the stones into the hands of strangers; other than, at furthest, such as equity might recognize. It is quite possible that such an agreement would be recognized and protected in a court of equity and that relief might be obtained by injunction or otherwise; if necessary to protect the plaintiff's rights against an improper use, or a destruction of the lithographs. But it is not necessary or proper to decide the question here, and upon such proofs, whether the defendant acquired any greater or other rights to the use of these engraved stones, than were possessed by the Hatch Company. Nor does it appear that the defendant refuses to carry out the agreement made with the Hatch Company. So far as it appears, the defendant may be quite willing to carry out the original agreement and to print for the plaintiff at the rates stipulated for with the Hatch Company. However that may be, we hold that this plaintiff never had any title to, or any right to the possession of, these stones; and that the agreement, which he testified to, was one, simply, for the performance of services in the making and the transferring of lithographic engravings. In any view of the case, it is impossible to see how the plaintiff could allege that there had been any wrongful conversion of his property by the defendant, and the judgment appealed from should be affirmed, with costs.

All concur (BARTLETT, J., is of opinion that Hatch Co. and plaintiff were, under the contract, tenants in common of the stones and engravings thereon, but concurs on ground that plaintiff invoked an improper remedy).

Judgment affirmed.