JOSEPH M. SWENSON, Appellant, *v.* ELMER E. TROWBRIDGE and HAROLD BOLSTER, Respondents.

First Department, March 4, 1921.

**New trial — power of court to entertain or grant motion for, where jury is waived and formal decision is rendered — Code of Civil Procedure, section 999, construed and applied.**

A court has no authority to entertain or grant a motion for a new trial under section 999 of the Code of Civil Procedure, where a jury has been waived, the cause tried by the court and a formal decision made upon which judgment was entered.

APPEAL by the plaintiff, Joseph M. Swenson, from an order of the Supreme Court, made at the New York Trial Term and entered in the office of the clerk of the county of New York on the 10th day of November, 1920, granting defendants' motion to set aside the verdict and for a new trial made upon the minutes.

*Neil P. Cullom* of counsel [*Cullom & Rinke*, attorneys], for the appellant.

*John Hall Jones*, for the respondent Trowbridge.

LAUGHLIN, J.:

The action is to recover on two promissory notes made by the defendants and payable in Nebraska. Defendants answered jointly, pleading as partial defenses that the notes were made and delivered pursuant to a corrupt and usurious agreement and that, therefore, the plaintiff was not entitled under the law of Nebraska to recover the amount claimed.

The record shows that when the cause was reached for trial a jury was waived and that the issues were thereupon tried by the court without a jury. Counsel for the plaintiff opened, stating the issues as presented by the pleadings; and counsel for the defendants in opening claimed a statement of facts somewhat different from those pleaded, in that he claimed that the defendants were partners and that one of them had paid one-half of the amount due on the notes and the other had paid a proportionate amount of the balance and had secured the discontinuance of this action as to him, and that under the law of Nebraska this released both makers, and also that the plaintiff was not the real party in interest, but brought the action for the purpose of giving one of the defendants a right of action over against the other, his copartner, to get back the money on a judgment in favor of the plaintiff, to whom he had paid it. Counsel for the plaintiff denied that the facts were as so claimed. Counsel for the plaintiff then took the stand and offered in evidence a computation of the balance due according to the law of Nebraska. On his cross-examination it was shown that $4,000 had been paid on one of the notes by the defendant Bolster and that a consent to a discontinuance of this action as against him had been signed by the plaintiff and was held by the witness. Defendant then undertook, but without success, to show that the notes were usurious in that they were given for a loan and that another note for $3,300 was given by the makers to the plaintiff, which it was claimed rested on the same consideration; but it was shown that it was given for a separate and independent consideration. A

Nebraska decision (*Scofield* v. *Clark*, 48 Neb. 711) to the effect that a release of one joint obligor releases both was then offered in evidence. Defendants were precluded from showing that within a year plaintiff had stated in a conversation with a third party that he had assigned his interest in this action. This is the substance of the only evidence offered by either party, and at its close the record shows that counsel for the plaintiff moved for a judgment for the balance due on the notes and the motion was granted, and the defendants excepted and moved for a new trial on the minutes on all the grounds specified in section 999 of the Code of Civil Procedure. The court, without objection on the part of the plaintiff, entertained the motion and afforded defendants an opportunity to obtain the stenographer's minutes but announced that no stay would be granted. The record further shows that the issues were tried on the 15th of October, 1920; that a formal decision containing findings of fact and conclusions of law and authorizing the entry of judgment in favor of the plaintiff for the balance due on the notes was signed on the twenty-second of October and that judgment was entered thereon the following day, and the order granting the motion for a new trial was made on the tenth of November thereafter. The order granting a new trial seems to have been made under a misapprehension, for it purports to set aside a verdict and to grant the new trial on all the grounds specified in section 999 of the Code of Civil Procedure upon condition that the defendant Trowbridge pay the taxable costs and disbursements in the action and stipulate that the judgment entered should stand as security, and in default thereof the motion was to be deemed denied. The memorandum opinion of the learned trial court indicates that the court was of the opinion that the defendant Trowbridge had defenses which were not properly pleaded and that he should be afforded an opportunity to procure the amendment of his pleading and the benefit of testimony in support thereof.

The only points made in behalf of the appellant are that the granting of the order was an improper exercise of the power of the court under section 999 of the Code of Civil Procedure in that the order was made on the theory of surprise, which is not a ground for such a motion, and that the consent

to the discontinuance of the action as against the defendant Bolster did not constitute a release of the causes of action as against him or discharge the defendants. I deem it unnecessary to discuss these points for it is evident that the court, through the attitude of the attorneys for both parties and owing to the fact that the trial was had and the motion was made in a jury part, entertained and granted the motion on the erroneous theory that the cause was to be tried by the court as if a jury had been present and that a verdict had been directed, which was not the case. A jury having been waived and the cause having been tried by the court and a formal decision having been made upon which judgment was entered, the provisions of section 999 were inapplicable and the court was without authority to entertain or grant a motion for a new trial thereunder. (*Rosenquest* v. *Canary*, 27 App. Div. 30; *Knight* v. *Sackett & Wilhelms Lith. Co.*, 31 Abb. N. C. 373; affd., without discussion of this point, 141 N. Y. 404.)

It follows that the order should be reversed, but since the reversal is on a ground not presented to the trial court or taken here by the appellant, without costs, and motion denied, without costs.

CLARKE, P. J., SMITH, PAGE and MERRELL, JJ., concur.

Order reversed, without costs, and motion denied, without costs.