Littleton T. Robertson and Another, Respondents, v. Globe and Rutgers Fire Insurance Company, Appellant.

First Department, April 13, 1928.

**Insurance — theft insurance — policy is " Commercial Travelers' Form," which covers property while checked at hotels or in possession of common carrier — rider authorized plaintiff to " sell from samples "— loss occurred while goods were packed in trunks and in store where plaintiff had been selling — policy does not cover loss — statements by assured to brokers not binding on insurer.**

The policy of theft insurance involved in this action is what is known as a "Commercial Travelers' Form," and covers property while checked in any hotel or while in the custody of a common carrier. The plaintiffs were engaged in traveling from town to town selling job lots of furs. At the time of the loss the furs were packed in trunks ready for removal to the next city, but had not been delivered into the possession of a common carrier and were not checked at a hotel. The policy does not cover the loss.

A rider which authorized the plaintiffs to " sell from samples " did not change the policy but was intended merely to give the plaintiffs the authority to sell the goods while they were checked at a hotel or in possession of a common carrier without voiding the policy.

Statements made by the plaintiffs to their brokers as to the nature of the business being transacted, are not binding upon the defendant, for an insurance broker is the agent of the assured and not of the insurer.

Appeal by the defendant from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York

on the 8th day of July, 1927, and also from an order entered in said clerk's office on the 7th day of July, 1927, as resettled by an order entered on the 4th day of October, 1927.

*Harold R. Medina* of counsel [*Joseph Levy* and *Edward Gluck* with him on the brief; *Levy & Becker*, attorneys], for the appellant.

*John V. Bouvier* of counsel [*Louis B. Davidson* with him on the brief; *Davidson & Davidson*, attorneys], for the respondents.

FINCH, J.  This is an action upon a policy which insured, among other things, against theft.  The case was tried by the court without a jury, and judgment was rendered for the plaintiffs. The judgment must be reversed since the property stolen was not within the coverage of the policy.

The plaintiffs' business was that of buying job lots of furs, which had been used as samples, taking the furs so purchased upon the road, hiring stores in various cities, exposing the furs for sale and moving from one urban center to another until the entire line had been sold and delivered directly to purchasers.  After holding one of these sales in a store hired by the plaintiffs for the purpose, the goods remaining unsold were packed in trunks preparatory to being moved to another city for sale.  During the night time the trunks and their contents were stolen from this store.

Was the merchandise stolen covered by the policy of insurance? The policy is designated " Commercial Travelers' Form."  The policy insures against theft under the following conditions: " This policy covers theft of an entire shipping package, excluding all pilferage in transit as above, or while checked in any hotel, but same applies only to such shipping package or packages while in the custody of a common carrier under check or receipt, or while checked in any hotel and not elsewhere."  " This policy does not cover in any business premises of assured."  As above noted, the goods were stolen from a store hired by the plaintiffs and not while in the custody of a common carrier or while checked at a hotel.  The policy, thus, upon its face, does not cover the theft of the goods in question.

The respondents, however, seek to bring the loss within the coverage of the policy by reason of a typewritten rider on the policy reading: " Privilege to sell from samples."  The respondents claim that this incidental rider changes the whole meaning of the policy and argue that, since it would be inconvenient to sell from sample while the goods were in the custody of a common carrier or checked in a hotel, therefore this rider makes the policy cover the goods while in the custody of the plaintiffs anywhere on the road.  To lend additional support to this construction, the respond-

ents stress testimony of the brokers for the plaintiffs, who testified that the plaintiffs explained fully to them their business. The plaintiffs, therefore, contend that in consequence the defendant knew of the nature of plaintiffs' business and was aware of the fact that the plaintiffs were in the business of selling samples as merchandise at places other than those covered by the policy, and hence the privilege was meant to cover the special conditions under which the plaintiffs conducted their business. The testimony in this regard shows that this information was given only to the brokers of the plaintiffs and not to the defendant. It is settled that brokers act only as agents for clients in securing policies of insurance and are not the agents of the insurance companies. (*Northrup* v. *Piza*, 43 App. Div. 284; affd., 167 N. Y. 578.) Thus this argument rests upon no substantial basis. Likewise the argument that the rider giving the privilege to sell from samples changes the whole nature of the policy, is an unreasonable construction of the contract. In effect it makes an incidental privilege in the policy, which in the normal course has an ordinary meaning, assume a distorted meaning, which it obviously was never meant to have. The privilege to sell from samples is a privilege which could reasonably exist while the goods were checked in a hotel or in the custody of a common carrier. Without this rider it might be held that, if there were a sale from samples while the goods were in the custody of a hotel or common carrier, this might void the policy. Such an implication might the more readily be urged since the policy only covers theft of an entire shipping package and excludes all pilferage in transit or while checked in an hotel. If, therefore, this privilege to sell from samples were not added as a rider to the policy, it perhaps might be urged with some force that the express wording of the policy, making it cover only an entire package and excluding all pilferage, would preclude from the coverage of the policy a package if the same were opened so as to sell from samples. The rider giving the privilege to sell from samples, however, negatives any such construction. This consideration shows a valid reason for the rider.

It follows that the judgment and order appealed from should be reversed, with costs, and the complaint dismissed, with costs.

Dowling, P. J., McAvoy, Martin and O'Malley, JJ., concur.

Judgment and order reversed, with costs, and complaint dismissed, with costs.