NEW AMSTERDAM CASUALTY COMPANY, Plaintiff, *v.* "HARRY" BEREN, etc., Defendant.

Municipal Court of New York, Borough of Manhattan, First District, November 17, 1931.

*Laitman & Nemerson,* for the plaintiff.

*Samuel H. Lagusker,* for the defendant.

SHALLECK, J. This is an action to recover the sum of $256.74 for earned premium on a policy of insurance issued by the plaintiff to the defendant. The policy was canceled by the plaintiff for non-payment of premium after it had been in force for eight months. The defendant pleads payment as an affirmative defense and counter-claims for the return of the unearned premium of $130.70.

Perrin, Bruckmann Agency, Inc. was the general agent for the plaintiff. Frank Edelson & Co. was a broker conducting a general insurance business. The defendant directed his broker, Frank

Edelson & Co., to obtain insurance on an automobile truck. Defendant's broker presented the application to plaintiff's agent, Perrin, Bruckmann Agency, Inc., to issue the policy. Thereafter all negotiations were had between plaintiff's agent and defendant's broker. The policy and the bill for the premium were sent to defendant's broker.

On May 9, 1930, at the office of plaintiff's agent, the defendant's broker gave to plaintiff's agent a postdated check (dated June 20, 1930), less the broker's commission, in payment of the premium. This check, after June twentieth, was returned unpaid by the bank, and no part has been paid to the plaintiff or its agent. The bill, which was directed to Frank Edelson & Co., contained the name of the defendant, the number of the policy, the amount thereof and the stamp of Perrin, Bruckmann Agency, Inc., marked "Paid."

On May 10, 1930, Frank Edelson sought payment from the defendant for the premium and exhibited to the defendant the receipted bill of Perrin, Bruckmann Agency, Inc. Frank Edelson had obtained other policies of insurance for the defendant. An account stated was had between defendant and his broker (including the premium due on the policy here in issue) and defendant gave to Frank Edelson & Co. a check for $372. The defendant heard nothing further from either the plaintiff, its agent, Perrin, Bruckmann Agency, Inc., or his broker, until October 23, 1930, when he received from the plaintiff a notice of cancellation of the policy and he thereupon obtained other insurance.

Admittedly, no bill had ever been sent by the plaintiff or its agent, Perrin, Bruckmann Agency, Inc., to the defendant from the time of the issuance of the policy on March 3, 1930, to the date of the cancellation on October 23, 1930.

The first question presented is: Did the Perrin, Bruckmann Agency, Inc., have the authority to receive a postdated check from Frank Edelson & Co. in payment of the premium? The proof shows that Perrin, Bruckmann Agency, Inc., was the plaintiff's general agent. As such general agent it had the power to receive the postdated check in payment. In *Corklite Co., Inc.*, v. *Rell Realty Corp.* (249 N. Y. 1) KELLOGG, J., said (at p. 6): "A person who has power to transact all the business of his principal of a particular kind is a general agent. * * * The mere fact that the authority of an agent is limited to a particular business does not make his agency special." Also in point are *Post* v. *Ætna Ins. Co.* (43 Barb. 351); *Walsh* v. *Hartford Fire Ins. Co.* (73 N. Y. 5), and *Pitney* v. *Glens Falls Ins. Co.* (65 id. 5).

Another question raised was whether Frank Edelson & Co. was the agent of the plaintiff or of the defendant. I find that

Frank Edelson & Co. was the agent for the defendant. It is well settled that a broker who is employed to obtain insurance for another is the agent of the insured and not the agent for the insuring company. (See *Northrup* v. *Piza*, 43 App. Div. 284; affd., without opinion, 167 N. Y. 578; *Condon* v. *Exton-Hall B. & V. Agency*, 80 Misc. 369; *Wright* v *Am. Eq. Assur. Co. of N. Y.*, 131 id. 215; *Robertson* v. *Globe & Rutgers Fire Ins. Co.*, 223 App. Div. 296.)

A consideration which was not raised by either party, but which I find pertinent, is, since Frank Edelson & Co. was shown to be the agent for the defendant, can the agent's knowledge that the premium was not paid to the plaintiff be imputed to the defendant, its principal? The general rule of agency is that the knowledge an agent has while acting as an agent is also the knowledge of his principal. Such vicarious responsibility is placed upon a principal by legal necessity. This is too well settled to warrant supporting citations. However, in the case at bar, Frank Edelson & Co., defendant's broker, knew that it had not paid the premium to plaintiff's agent. This knowledge would be binding on the defendant were it not for the fact that the plaintiff's agent furnished the defendant's broker with a receipted bill which in itself and on its face negatives any thought or knowledge that the premium was not paid. Under such circumstances the broker's knowledge cannot be attributed to the defendant.

The plaintiff and its agent, knowing that Frank Edelson & Co. was to be paid by the defendant, allowed it to exhibit to the defendant its receipted bill, although at the time the plaintiff knew that the receipt was given without present payment by Frank Edelson & Co. The defendant had a right to and did rely on such representation of payment and paid the premium to its broker. In consequence of the plaintiff's representation that the premium had been paid the defendant was caused to alter his position, for had not the defendant been apprised of the payment by receiving the plaintiff's receipted bill he would not have paid the premium to his broker. Plaintiff is estopped from now complaining and demanding its premium to the date of cancellation. To do that would be allowing it to profit by its own misleading acts. The premium was paid and the cancellation was totally ineffective.

The defense to the plaintiff's cause of action is payment; that the policy was a valid and subsisting contract; that the cancellation by the company was a nullity. Defendant by his counterclaim for the return of the unearned premium sets forth a repudiation, in effect, of its entire theory of defense and claims that the cancellation was valid and accepted by the defendant as such. This the law will not countenance. The contract was valid and subsisting, and

the defendant was required to pay the full premium. The fact that upon the receipt of the cancellation he obtained other insurance cannot militate against the rights of the plaintiff, nor can it aid the defendant in attempting to recover the unearned premium. True it is, that a person is no longer presumed to know the law; but his ignorance of it will not excuse him. He was fully protected by his contract of insurance and would have been able to recover had a loss occurred subsequent to the date of the cancellation by the plaintiff.

Judgment for the defendant on the plaintiff's cause of action; judgment for the plaintiff on the defendant's counterclaim.