UNIVERSAL MAP COMPANY, INC., Plaintiff, *v.* LUTZ & SHEINKMAN, Defendant.

City Court of the City of New York, Trial Term, New York County, January 13, 1949.

*Francis X. Walsh* for plaintiff.

*Bernard Kaufman* for defendant.

CAPOZZOLI, J. (orally). At the end of the entire case the defendant has renewed his motion to dismiss the complaint in

this action for failure of the plaintiff to make out a case in accordance with the allegations contained in the complaint.

The court has given careful consideration to this motion — as a matter of fact it has done considerable research every day this case has been on trial, and the court is of the opinion that while there is a dearth of authority on this case, on this precise question raised in this particular case — nevertheless, there are some well-defined landmarks in the law which will justify the decision which the court is about to make.

In the case of *Knight* v. *Sackett & Wilhelms Lithographing Co.* (141 N. Y. 404) the Court of Appeals dealt with a claim made by the plaintiff who showed that he had a contract with a lithographer whereby it was agreed between the two of them that the plaintiff was to be the owner of the engravings and the lithographing company was to be the owner of the stones upon which the engravings were made.

That case involved a specific agreement. It so happened that the lithographing company finding itself in financial difficulty had pledged all of its property to the defendant in the *Knight* case (*supra*) and the defendant in the *Knight* case became thereby the owner of the property of the lithographing company upon default of the lithographing company to meet its obligations towards this defendant. The plaintiff thereupon went to the defendant, who had the property of the lithographing company — the stones in question, to be more specific, and offered to pay to the defendant the money value of the stones so that it might get back its engravings which evidently were upon the stones. The defendant refused to accept the plaintiff's money and said the stones belonged to him. The Court of Appeals sustained the defendant's position and affirmed the dismissal of the complaint in the lower court. The court did say, in effect, that the plaintiff might have a cause of action against the lithographing company for failure to have its engravings on hand when an order for a reprint was given, but refused to hold that the stones could be claimed by the plaintiff, even though the plaintiff was willing to pay the value of the stones to the defendant who took over upon default of the lithographing company. That, I think, establishes a very clear principle.

However, since then lower courts have had the occasion to deal with negatives which are used in making photographs, and we find a case — *Colten* v. *Jacques Marchais, Inc.* (61 N. Y. S. 2d 269). That is a decision by a distinguished jurist of our city, Mr. Justice WATSON, in which he held in March of

1946, that the relationship between photographer and customer was that of employee and employer respectively, and there exists a contract between them whereby the customer obtains all proprietary rights in the negatives and in the photographs purchased by him. Were this case to stand alone, this court would certainly be inclined to give Mr. Justice WATSON's opinion the greatest consideration. However, after the decision in the *Colten* case (*supra*), the Appellate Term in this department in June, 1947, the year following the decision of Mr. Justice WATSON — a year later, decided the case of *Hochstadter* v. *Tarr, Inc.* (188 Misc. 561) and in that case the Appellate Term held directly opposite to the holding of Mr. Justice WATSON. This court wishes to emphasize however, that this holding was made by the Appellate Term on the premise that there was no agreement — no special agreement between photographer and customer, so that, in other words the parties may agree to do anything they please, but in the absence of an agreement, the Appellate Term held that the negatives, the plates, did not belong to the customer, and at page 562 of the court's opinion, Mr. Justice SHIENTAG said: "There is nothing inconsistent with proprietary rights in the customer and the holding that the custody of the plates should remain with the photographer. This view would seem to represent the expectation of the parties in the absence of any special agreement to the contrary."

In the same case Mr. Justice HAMMER, in a concurring opinion on page 563, said: "In my opinion a photographer owning a plate or film which, upon employment, is furnished as part of the transaction of taking a photograph for a customer, continues in such ownership in the absence of agreement providing otherwise. As in the process of photography, the designated object is produced as an image on such plate or film, the photographer's ownership is subjected to a limitation by which the negative may only be used for such reproduction as the customer authorizes."

Now the court has endeavored to apply the principles to which reference has been made to the case at bar. In the case at bar, the documentary proof clearly shows that the orders for printing were given by the plaintiff to the defendant pursuant to written quotation. These written quotations have been adduced in evidence. There is one possible exception and that is with reference to the new plates which are the subject matter of plaintiff's Exhibit No. 24 in evidence. As to those plates the court does not recall any written agreement providing for the making of those plates. However, the court will deal with

that phase of the case later. Insofar as the other plates are concerned, which are evidenced in one way or another by the written proof in the record, the court is bound to take cognizance of the writing in order to decide whether the writing to which both parties agreed makes any disposition of the plates one way or the other, and we find this Item No. 7 on the reverse side of these written quotations to which reference has been made time and time again in the course of this trial, and that Item No. 7 reads: "No charge is made for the stones, dyes or plates on which the work is drawn or engraved and these stones, dyes and plates remain the property of Lutz & Sheinkman."

Now the court feels that since the quotations and the conditions were all reduced to writing, and since both parties acted upon that writing as the basis of their relation, both parties are bound by the writing and neither party can add to, detract from or modify the document as it is written, and hence the court is bound to make the ruling that on the basis of the documentary evidence, and on the basis of this Item No. 7, the motion of the defendant to dismiss the complaint must be granted.

I am mindful of the contention of the plaintiff that it makes no claim for the plates; that its claim is based upon ownership of the engravings and failure to have those engravings on hand when the plaintiff gave orders for reprinting. The court has taken careful note of that argument, and the court holds that the plaintiff is bound by the complaint which it has served in the case, and the court holds that according to the allegations of the complaint, the plaintiff is not suing for breach of contract for failure to reprint, but that the plaintiff is suing for the value of the engravings, which engravings according to the complaint are owned by the plaintiff, which were being kept by the defendant subject to the orders of the plaintiff and which were not returned to the plaintiff upon demand, and it goes on in three different causes of action to specify the value of these engravings and demands payment for the value of the engravings which were not returned.

That, in the court's opinion, is a completely different cause of action from an action based on contract, where the plaintiff would allege breach of contract by the defendant in not being able to proceed with the reprinting when the plaintiff said so. The court made that observation to counsel for the plaintiff yesterday. The court then suggested to counsel that in the court's opinion he ought to go to Special Term and seek to amend

his complaint. The court refused on the objection of the defendant to allow the amendment during the course of this trial because the court felt the defendant was justified in resisting such a motion at this time and the court was willing to declare a mistrial and let the plaintiff go into Special Term. However, the plaintiff did not choose to adopt that course, hence the ruling of the court as already made is on evidence, on the law and the facts produced during the trial.

Now there was left the question of the plates mentioned in plaintiff's Exhibit No. 24, about which it might be said that there was no writing controlling those plates. Assuming there was no writing controlling the disposition of the plates mentioned in plaintiff's Exhibit No. 24, the proof is uncontradicted that it is the custom of the trade, in the absence of a writing, that those plates belong to the defendant lithographing company.

In closing, the court would like to point out also the **further** fact that the testimony here seems to indicate clearly that it is impossible to take away the engravings as such from the plate, they can not be divided.

On the basis of the reasoning set forth in this record the court is compelled to grant the motion of the defendant to dismiss the complaint as it is now before the court.