Per Curiam.

Order denying motion for a new trial on the ground of newly discovered evidence is affirmed. A motion for a new trial on the ground of newly discovered evidence may only be made at Special Term and on a settled case, unless *354 waived (Russell v. Randall, 123 N. Y. 436; Mclver v. Hallen, 50 App. Div. 441), and this rule applies to a jury case as well as to a nonjury case (Civ. Prac. Act, § 552; Rules Civ. Prac., rule 221; Stoddard v. Stoddard, 37 N. Y. S. 2d 605; Honor v. Housel, 128 App. Div. 801, 804; Schuster v. Tompkins, 180 App. Div. 503; New Amsterdam Cas. Co. v. Beren, 142 Misc. 297). Such a motion is to be distinguished from one made, for example, under section 549 of the Civil Practice Act, on the judge’s minutes, and on the grounds specified in that section. A motion under section 549 may only be made in a jury case, but newly discovered evidence is not one of the grounds mentioned in that section (Rosneguest v. Canary, 27 App. Div. 30; Swenson v. Trowbridge, 195 App. Div. 310; Knight v. Sackett, 31 Abb. N. C. 373, 376; Sachs v. Blum, 241 App. Div. 384). The plaintiff, on the motion at Special Term, interposed the preliminary objection that the motion was made solely on affidavits and not on a settled case. The court below, in denying the motion of the appellant, the City of New York, for a new trial on the ground of newly discovered evidence, granted leave to renew on a settled case, which opportunity was not taken advantage of by the appellant. It may be that the sections of the Civil Practice Act and of the Buies of Civil Practice dealing with new trials, with the grounds therefor, and the procedure in connection therewith, should be re-examined and re-evaluated by the Legislature or by the Judicial Council on a more realistic basis, but, so long as we have these statutory provisions and the Buies of Civil Practice as they now stand, they must be followed by litigants. The requirement of a settled case on a motion for a new trial on the ground of newly discovered evidence has a long history, which will be found in cases such as Katz v. Atfield (41 N. Y. St. Rep. 459); Russell v. Randall (30 N. Y. St. Rep. 452), and Newhall v. Appleton (14 Jones & Sp. 6; see, also, Baylies on New Trials and Appeals [3d ed.], 823).
Order granting motion for a new trial under section 549 of the Civil Practice Act should be affirmed, but solely on the ground that an examination of the record of the trial (entirely apart from the affidavits submitted on the application for a new trial on the ground of newly discovered evidence) leads us to the conclusion that the verdict of the jury was against the weight of the credible evidence.
Peck, P. J., Cohn, Callahan and Shientag, JJ., concur; Dore, J., concurs in result.
Orders unanimously affirmed.