(27 Misc. Rep. 252.)

### SMITH v. SMITH.

(Supreme Court, Trial Term, New York County. April 27, 1899.)

NEW TRIAL—VERDICT AS TO PART OF THE ISSUES.
　　Where the jury finds as to one issue only, and disagrees as to the rest, the new trial must include the issue as to which they agreed, since a verdict must cover all the issues.

Action by Edward Smith against Ada B. Smith. On motion by defendant for an order directing that one of the issues shall not be included in a new trial, to be had after a disagreement. Denied.

Alex. Thain, for the motion.
David Welch, opposed.

McADAM, J. The action is for divorce, on the ground of adultery, and the answer contains recriminatory charges. The issues were settled for trial by jury. Code, § 970. At the trial the jury disagreed. As to one of the charges made by the plaintiff, the court directed the jury to find for the defendant, the evidence being insufficient to warrant any other finding. The other charges were submitted, and, the jury having disagreed, nothing was adjudicated. It was, in short, a mistrial. The rule is that the jury cannot find on one issue and disagree on another; the findings must be altogether, or not at all; and the court will not receive the finding of the jury on one issue,

and discharge the jury as to the other.   Berry v. Wallen, 1 Overt. 186. And see Thomp. Trials, §§ 2650, 2657.   There is no such thing in practice as verdicts on the installment plan, or alternate findings by successive juries on different issues in the same case.   The verdict as rendered must be sufficient for all the purposes of the case, or it is no verdict.   See Parker v. Laney, 58 N. Y., at page 472.   There can be but one final judgment in an action, and the verdict must be sufficient to authorize it.   This is the rule in regard to special verdicts, and they are analogous to verdicts on framed issues, which now take the place of feigned issues.   Vermilyea v. Palmer, 52 N. Y. 471; Kintz v. McNeal, 1 Denio, at page 438; Carr v. Carr, 52 N. Y. 251; Casey v. Dwyre, 15 Hun, 153.   When, then, the verdict is so imperfect that no judgment can be rendered upon it, and it cannot be cured by the exercise by the court of its power of amendment, the practice at common law is to award a venire de novo.   Thomp. Trials, § 2657. When a jury disagree, the directions given on the trial affect that trial only, and not a subsequent one, wherein there may be different evidence.   The defendant now moves for an order declaring that the court directed a verdict for the defendant on one of the issues, and that the remaining issues only are to be considered on the new trial. This practice is unauthorized.   There may be additional evidence on the new trial which may require a different finding thereat on the different issues.   "Sufficient unto the day is the evil thereof."   No verdict having been received or recorded, the new trial must, of course, proceed de novo as to all the issues in the action, and the plaintiff may take an order to that effect.