GEORGE B. SCHUSTER, as Administrator, etc., of EDWIN SCHUSTER, Deceased, Respondent, *v.* FREDERICK J. TOMPKINS, Appellant.

Second Department, December 14, 1917.

Trial — practice — motion for new trial upon ground of newly-discovered evidence — waiver of right to require case — insufficiency of affidavits.

It is the regular practice that a motion for a new trial shall be made on a case, but if the motion is made without a case on affidavits and the opposing counsel proceeds to argument without objection on that ground, he waives his right to require a case to be made.

The affidavits on such a motion should contain information usually supplied by a case and show that the evidence is not merely cumulative and is of such a nature as will probably result in a different verdict.

Affidavits on such a motion examined, and *held*, insufficient to warrant the granting of a new trial.

APPEAL by the defendant, Frederick J. Tompkins, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 16th day of July, 1917, as resettled by an order entered on the 11th day of October, 1917, setting aside the verdict of a jury and granting plaintiff's motion for a new trial on the ground of newly-discovered evidence.

*G. Everett Hunt* [*Walter G. Evans* with him on the brief], for the appellant.

*John A. Goodwin* [*Harry J. Laragh* with him on the brief], for the respondent.

PER CURIAM:

The regular practice is that a motion for a new trial shall be made on a case (Code Civ. Proc. § 997), but if the motion is made without a case, on affidavits, and the counsel opposing the motion proceeds to argument without objection on that score, he waives his right to require a case to be made; and this was what was done. (*Russell* v. *Randall*, 123 N. Y. 436.) Nevertheless, the affidavits should clearly give the court the information which is usually supplied by the case and which is necessary to a proper decision of the motion. Such information is that the evidence is not merely cumulative and is of such a nature as would probably result in a different verdict. The affidavits do not satisfactorily show that the evidence was not cumulative, for although plaintiff's attorney deposes that there was no direct evidence that deceased was struck by the front of the truck, yet defendant's attorney deposes that his recollection is that plaintiff's witness Pollack testified to that fact. Neither does it appear that the proposed evidence of the witness Meitner, a boy ten years of age, would probably change the result; for in determining this we must have regard to the evidence given by him on the coroner's inquest, which is not at all consistent with his affidavit read in support of the motion. The plaintiff's attorney claims that the boy's evidence was newly discovered because, whenever he attempted to get a statement from the boy, he would cry and run away. After the trial he seems to have had no difficulty in getting a statement and even an affidavit from the boy, and before the trial the boy had testified at the coroner's inquest and had been examined by plaintiff's attorney.

To grant a new trial under such circumstances would deprive the judgment of the finality necessary to the orderly administration of justice.

The order should be reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.

JENKS, P. J., THOMAS, STAPLETON, RICH and BLACKMAR, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.