WILLIAM LOGAN, Respondent, Appellant, v. HERBERT J. CALLISTER, Appellant, Impleaded with NEW YORK & LONG ISLAND TRACTION COMPANY, INC., Respondent.— Judgment in so far as it awards damages in favor of the plaintiff against defendant Callister in the sum of $500 unanimously affirmed, with costs against defendant Callister. Judgment in so far as it dismisses, on the finding of the jury, the plaintiff's complaint against defendant New York & Long Island Traction Company, Inc., unanimously affirmed, with costs to the traction company against the plaintiff. No opinion. Present — Kelly, P. J., Rich, Jaycox, Kelby and Young, JJ.

JAMES J. O'BRIEN, Appellant, v. PERCY P. ANDERSON and Another, Respondents.— Order affirmed, with ten dollars costs and disbursements. No opinion. Kelly, P. J., Rich, Manning, Kelby and Young, JJ., concur.

THOMAS O'KEEFFE, Respondent, v. ELLEANOR O'KEEFFE, Appellant.— Order setting aside verdict and granting new trial unanimously affirmed, without costs. There is no question as to the power and duty of a trial judge to set aside a verdict which is contrary to the evidence. He has his responsibilities, as well as the jury; he is more than a mere figurehead or umpire between the parties. And this trial justice fully appreciated the importance of this verdict to the defendant in this particular case as evidenced from his remarks in granting plaintiff's motion for a new trial. Nevertheless he said, after seeing the witnesses, after listening to defendant's story, " this verdict is absolutely against the weight of the evidence." We think we should not interfere with his order. This is not the ordinary case of disputed facts in a divorce action. The defendant admits that she was found in a bedroom in a hotel in Manhattan, between ten and eleven o'clock at night, with the corespondent. She admits practically everything testified to by the detective, called as a witness by her husband, concerning her movements previous to the time her husband, the detective and two other witnesses, entered the hotel bedroom. She denies that at this time she and her companion were undressed. When her husband and his companions went downstairs they complained to the hotel manager or room clerk, who sent the house officer up to the room to order the parties to leave the hotel. This house officer testified that defendant and her companion were putting on their clothes when he entered the room. Defendant's woman companion was not called as a witness. Defendant intimates that she was acting in collusion with the plaintiff, but there is no evidence in the record before us justifying that intimation. Without expressing any opinion as to defendant's guilt or innocence, we think the interests of justice will best be served by a retrial of the action as directed by the trial justice. Present — Kelly, P. J., Rich, Manning, Kelby and Young, JJ.