DAVID GOLDSTEIN, Respondent, *v.* CLARA GOLDSTEIN, Appellant.

Second Department, March 27, 1925.

Husband and wife — divorce — defendant defaulted at trial — plaintiff was entitled to interlocutory judgment on verdict in his favor after denial of motion for new trial — motion to open default properly denied in absence of showing of merit — defendant had right under Civil Practice Act, § 609, to appeal from order denying motion for new trial.

In an action for divorce in which the defendant fails to appear at the trial and the case is submitted to a jury which finds in favor of the plaintiff, the plaintiff is entitled to an interlocutory judgment in accordance with the verdict after the denial by the trial justice of the defendant's motion for a new trial upon the minutes.

Defendant's subsequent motion to open the alleged default was properly denied, since she failed to show any meritorious defense.

The defendant had the right, if she desired to review the facts resulting in the verdict, to appeal from the order denying her motion for a new trial upon the minutes; this right is given by section 609 of the Civil Practice Act and is not denied by subdivision 2 thereof.

APPEAL by the defendant, Clara Goldstein, from an order of the Supreme Court, made at the Queens Special Term and entered in the office of the clerk of the county of Queens on the 4th day of February, 1925, denying her motion to reopen her default in failing to appear at the trial of the action.

*Henry Waldman,* for the appellant.

*William J. Morris, Jr.,* for the respondent.

KAPPER, J.:

The action was for a divorce. The issue was tried before a jury, who found the defendant guilty of adultery. Upon the rendition of the verdict the defendant made a motion upon the minutes to set it aside, which the trial justice denied. Thereupon plaintiff entered an order accordingly. Pursuant to the practice required in such cases, the cause was placed upon the Special Term calendar, where an interlocutory judgment in plaintiff's favor was directed to be entered. It is said by the appellant that what took place at Special Term was an inquest, due to her default by reason of the failure of her attorney to appear. A motion was then made to open such alleged default, which was denied, and from an order entered thereon this appeal is taken.

The record does not indicate that there was any issue whatever remaining to be tried at the Special Term. In such circumstances the plaintiff was entitled to his interlocutory judgment in accordance with the verdict after the denial by the trial justice before whom the adultery issue was tried of the defendant's motion for a new

trial upon the minutes. (*Olmsted* v. *Olmsted*, 210 App. Div. 393, 397.) Nor does the record indicate that the defendant was harmed because of her non-appearance at the Special Term where the *pro forma* interlocutory judgment was granted. No merit being shown, the motion to open the alleged default was properly denied.

But the appellant claims that the finding of her adultery imports such serious consequences that she should be given an opportunity to review it; and that because the interlocutory judgment indicates her default at Special Term (the record does not set forth the interlocutory judgment), she asserts that she cannot appeal therefrom and is in doubt whether she can prosecute an appeal from the order made by the trial court denying her motion for a new trial upon the minutes. We think that the question of the right to prosecute an appeal from the order is not open to doubt. Section 609 of the Civil Practice Act permits an appeal to the Appellate Division from an order granting or refusing a new trial. The exception contained in subdivision 2 of that section which denies the right of appeal from an order granting or refusing a new trial where specific questions of fact arising upon the issues in an action triable by the court have been tried by a jury pursuant to an order for that purpose, relates solely to the cases prescribed in section 430 of the Civil Practice Act, where issues are framed in an equity action where a party is not entitled as of right to a trial by jury. The issue of adultery arising in a divorce action " is not framed in equity and sent to a jury to enlighten the conscience of the court, but is one where the party demanding it is entitled, by express provision of law, to a trial by jury, whose finding is conclusive unless the verdict is set aside or a new trial is granted." (*Lowenthal* v. *Lowenthal*, 157 N. Y. 236, 243.) In *Donnelly* v. *Donnelly* (50 App. Div. 453) we entertained an appeal from an order which set aside a verdict in an adultery issue as against the weight of the evidence, and reinstated the verdict. In *O' Keeffe* v. *O' Keeffe* (208 App. Div. 750) we had before us another order where a verdict after a trial of an adultery issue was set aside by the trial justice as against the weight of the evidence, and there we affirmed the Trial Term. The same rule as to the right of appeal must obtain where the order made at the Trial Term sustains the verdict.

The order appealed from which denied the defendant's motion to open her alleged default at Special Term should be affirmed, but without costs.

KELLY, P. J., MANNING, KELBY and YOUNG, JJ., concur.

Order denying defendant's motion to open her alleged default at Special Term affirmed, without costs.