MAY L. LANDON, Plaintiff, *v.* FRANK IMPROVEMENT COMPANY, INC., and Others, Defendants.

Supreme Court, Rockland Special Term, August 10, 1925.

Trial — new trial — application for new trial upon settled and signed case under Civil Practice Act, § 552, and Rules of Civil Practice, rule 221, may be made upon settled case within time to perfect appeal from judgment and at Special Term conducted by justice presiding at trial of action.

The court at a Special Term held by the justice who presided at the trial of an action may entertain a motion therein for a new trial pursuant to section 552 of the Civil Practice Act and Rules of Civil Practice, rule 221, if the application therefor is made upon a settled and signed case and before the time to appeal from the judgment has expired.

APPLICATION for new trial, upon a settled case, under section 552 of the Civil Practice Act and rule 221 of the Rules of Civil Practice.

*Peter W. Quinn,* for the plaintiff.

*H. C. Houlihan,* for the defendant Frank Improvement Company, Inc.

*James B. Henney,* for the defendant Burns Brothers.

*Nadal, Jones & Mowton,* for the defendant State Cafeteria, Inc.

TOMPKINS, J.:

This action was tried at a Trial Term in Westchester county in April, 1925, and a verdict rendered by the jury in favor of the defendant Frank Improvement Company, Inc., the complaint having been dismissed as to the other defendants. Immediately following the verdict, the plaintiff made the usual motion to set aside the verdict and for a new trial, which was denied. Thereafter, and after the final adjournment of the Trial Term at which the action was tried, the plaintiff made a motion upon notice, at a Special Term held by the justice who presided at the trial, to set aside the verdict and for a new trial. This motion was opposed and all parties were heard, and after consideration, the court made the following memorandum: " I think the coal hole was a nuisance *per se* and that the verdict of the jury should have been set aside, but the motion having been denied, and the term ended, the court has not power now to grant this motion. The plaintiff's remedy is by appeal."

The plaintiff now moves, upon a settled and signed case, and within the plaintiff's time to appeal from said judgment and at a Special Term held by the judge who presided at said trial, for a new trial under section 552 of the Civil Practice Act, and rule 221 of the Rules of Civil Practice, and the question now is whether this court has power to grant the motion. Section 552 of the Civil Practice Act provides: " In a case not specified in the last three sections, a motion for a new trial must be heard and decided, in the first instance, at the special term. But where it is founded upon an allegation of error, in a finding of fact, or ruling upon the law, made by the judge upon the trial, it cannot be made unless notice therefor be given before the expiration of the time within which an appeal can be taken from the judgment, and it cannot be heard at a special term held by another judge; unless the judge who presided at the trial is dead, or his term of office has expired, or he is disqualified for any reason, or he specifically directs the motion to be heard before another judge."

The three preceding sections have reference to a motion made before the judge presiding at the trial on his minutes, at the same term, and a motion in the appellate court where an interlocutory judgment has been directed and where the presiding judge at the trial directs that the exceptions be heard in the first instance by the appellate court. I can find no case directly in point, but it seems to me that the court has power, under section 552, to grant a new trial in a proper case where the motion is made upon a settled and signed case, and is made before the judge who presided at the trial and within the time allowed by law, for an appeal from the

judgment. The defendant cites the case of *Burns* v. *Hasbrouck* (124 Misc. 282) recently decided by the New York Special Term, in which a motion to set aside a verdict and for a new trial was denied. That motion, however, so the opinion states, was made under section 549 of the Civil Practice Act which relates to a motion upon the judge's minutes at the same term, and in this *Burns* case, it appeared that the time to appeal had expired and that the judge holding the Special Term was not the judge who presided at the Trial Term, and the motion was denied for those reasons. In *Wulstein* v. *Wulstein* (202 App. Div. 849) the Appellate Division, Second Department, reversed an order of the Special Term, granting a new trial " on the ground that defendant's motion for a new trial was not made within the time limited to take an appeal from the judgment, as provided in section 1002 of the Code of Civil Procedure, or section 552 of the Civil Practice Act, and that the court at Special Term was without power to extend the time so limited."

My conclusion is that the court has power, at a Special Term held by the justice who presided at the trial, to entertain a motion for a new trial, if made upon a settled case and before the time to appeal has expired, and having already declared my oninion that the coal hole in question was a nuisance *per se*, it follows that this motion should be granted because of the error of law committed by the trial judge, in not so holding at the trial and in submitting to the jury the question whether the coal hole was or was not a public nuisance. The plaintiff's motion for a new trial is, therefore, granted.