BESSIE E. ARNOLD, Plaintiff, *v.* RAY H. ARNOLD, Defendant.*

Supreme Court, New York County, January 16, 1930.

*Charles Hann, Jr.*, and *William J. Rapp*, for the plaintiff.

*Walter Jeffreys Carlin* and *Herman J. Witte*, for the defendant.

*Kenneth E. Walser*, for Margaret C. West, for the motion.

*William J. Rapp* and *Francis Hann*, for Charles Hann, Jr.

McCook, J. Motion on behalf of defendant and corespondent Margaret Crenshaw West to set aside the verdict of the jury and for a new trial. There were no exceptions to the charge of the court, and no errors of law are pointed out. The grounds of the motion are that there was a mistrial through a defective verdict, which is also said to be bad as against the weight of evidence; the defect stated is incompleteness, because, whereas the jury was required to pass on the guilt or innocence of both plaintiff and defendant, it left the conduct of the plaintiff undecided. The two grounds are disputed by the plaintiff, who further asserts that the duty of dealing with this verdict lies with Special Term, not Trial Term. Since, if the plaintiff is held to be right on the last point, this court would merely remit the whole matter to Special Term, it will be considered first.

Rule 221 of the Rules of Civil Practice says in part: " If the motion for a new trial be made for the purpose of reviewing a trial by jury of one or more specific questions of fact, arising on the issues in an action triable by the court, the motion can be made only at the term where the motion for final judgment is made or the remaining issues of fact are tried, as the case requires." The words " triable by the court " might seem on their face to apply to the issue in an action for divorce, since that issue may be tried by a court without a jury. However, it is clear from a study of sections of the Civil Practice Act, as well as the authorities, that such is not their meaning. The exact language was passed upon in *Goldstein* v. *Goldstein* (212 App. Div. 470), holding that section 609 of the Civil Practice Act, which employs the same phrase, related solely to the cases prescribed in section 430 of the Civil Practice Act, where issues are framed in an equity action, and a party is not entitled as a matter of right to trial by jury. The

issue of adultery arising in a divorce action is not framed in equity and sent to a jury to enlighten the conscience of the court, but is one where the party demanding it is entitled, by express provision of law, to a trial by jury, whose finding is conclusive unless the verdict is set aside or a new trial is granted. (*Lowenthal* v. *Lowenthal*, 157 N. Y. 236, 243.) It seems to have been the practice in this State for trial justices to set aside defective verdicts, or verdicts otherwise bad, in a case like the one in suit. There is further authority to justify this procedure in the case of *Smith* v. *Smith* (27 Misc. 252), decided in 1899 at Trial Term of the Supreme Court sitting in and for New York county.

Having concluded that I have the power and duty to pass upon this motion, I proceed to the more important of the two points raised by the moving papers and briefs. Since the court must be reluctant to disregard the result of a two weeks' trial, when a jury has, after thirteen hours out, returned definite answers to twenty-nine out of thirty-one questions, with the effect that the entire task is to be performed anew, it is proper and necessary to consider the authorities and principles involved. Conceivably a Special Term might include under one head for submission to the jury at Trial Term a combination of the thirty-one questions which were in fact before this jury for answer. In legal effect it is as though they had been given a list of names, places and dates, and directed to answer a single question in substantially the following form: Did either the plaintiff or the defendant commit adultery with any of these persons at any of the times or places mentioned, and if so, with whom, when and where? The verdict under examination was from this viewpoint insufficient for all the purposes of the case, which included the determination of the guilt or innocence of each party. There can be but one final judgment in an action, and their verdict was insufficient to authorize it, since in such a judgment a finding of the jury against plaintiff would in law counteract a finding against the defendant. (*Smith* v. *Smith*, *supra*, with cases cited.)

The plaintiff appears to reason somewhat as though we were free to strike from each branch of the verdict the similar element of an undetermined item, leaving innocence on one side and guilt on the other, but, of course, such a view is without merit. Nobody disputes that the guilt or innocence of the plaintiff remains legally undetermined and must be passed upon at a subsequent trial, so that the only question for my decision is whether such subsequent trial is to cover the charges against the plaintiff alone, or also the charges against the defendant. In my opinion it must include both. There are other considerations, not found in any of the authorities

examined, which also move the court. Certain witnesses to the innocence of the plaintiff at this trial were, and at a new trial naturally would be, witnesses to the guilt of the defendant, and *vice versa*. The weight to be given to the testimony of such a witness might depend on either part of it or on both parts.

Upon another trial the evidence received may be different in the light of rulings then made, which in turn would be new, and might well be different rulings; this circumstance also could affect the weight of testimony given on the one side and on the other. In short, the adulteries charged are interrelated, from the evidentiary or inferential standpoint. The corespondent Hann, upon his cross-examination at the recent trial, was charged, not only with betrayal of defendant's hospitality, but also with greedy pursuit, as plaintiff's attorney, of defendant's money. His obvious answer lay in the motive of a guilty husband to make just such accusations against him. Is Hann from now on to be permitted to strengthen this argument in the minds of the new jury through an adjudication of Arnold's guilt based on the verdict of twelve other men who were unable to agree upon his own innocence? This is only one instance of the manner in which the charges against the defendant are or may be dependent upon the charges against the plaintiff, and the other way about. The court, therefore, feels that, not only from the angle of established authority and general principle, but upon the new and precise situation presented by this trial and its outcome, expediency and justice alike require that the verdict rendered should not stand. Having decided not to accept the purported verdict of this jury, the court is not called upon to decide whether the verdict is against the weight of evidence in certain respects as urged by the defendant and the corespondent West.

Motion granted. Mistrial declared, verdict set aside, and new trial ordered.