BESSIE E. ARNOLD, Appellant, *v.* RAY H. ARNOLD, Respondent.*

First Department, June 23, 1930.

*William J. Rapp* of counsel [*Ethel M. Oats* with him on the brief; *Charles Hann, Jr.,* and *William J. Rapp*, attorneys], for the appellant.

*Ben Herzberg* of counsel [*Walter Jeffreys Carlin* and *Max D. Steuer*, attorneys], for the respondent.

FINCH, J. From an order declaring a mistrial and directing a retrial of the action upon all the issues framed for trial by jury, plaintiff appeals.

The action is for divorce. As a defense to the action, and as the basis of a counterclaim for a divorce against the plaintiff, the defendant alleged that the plaintiff on her part had been guilty of certain adulteries. Thirty-one issues were framed for submission to the jury. Twenty-nine of these issues were disposed of

* Affg. 136 Misc. 29.

by direction of the court or by the findings of the jury. Upon two issues the jury were unable to agree. As a result the jury found defendant guilty of two acts of adultery, disagreed as to one and found the rest for the defendant. On the question as to plaintiff's adulteries the jury disagreed as to one and found the rest for the plaintiff. Under these circumstances, no judgment could be entered. This because, although the jury had determined the guilt of the defendant, they had failed to determine the innocence of the plaintiff.

By statute it is provided that a divorce must be denied, although adultery of the defendant has been proven, where the plaintiff has also been guilty of adultery under such circumstances that the defendant would have been entitled, if innocent, to a divorce. (Civ. Prac. Act, § 1153.) In the case at bar the defendant, by counterclaim, has charged the plaintiff with adultery. Upon this issue the jury could not agree and the defendant is entitled to have it retried. Until this issue has been disposed of, therefore, the plaintiff obviously is not entitled to a decree.

It is urged by the plaintiff that the issue of defendant's guilt having once been determined by a jury, their verdict is conclusive, and that it only remains to try the issue of the guilt of the plaintiff.

A limited retrial, however, is never a matter of right but always a privilege. (*Wilson* v. *Mechanical Orguinette Co.*, 170 N. Y. 542, 552.) Where under the pleadings a separate judgment cannot be entered, a limited retrial cannot be had. In *City of Buffalo* v. *D., L. & W. R. R. Co.* (176 N. Y. 308) Judge VANN said: " If the judgment is entire, even if it might have been otherwise, it cannot be so severed on the decision of an appeal as to grant a new trial of part of the issues only without confusion and danger."

A partial retrial, moreover, is never ordered where the issues are related or prejudice may result.

In the case at bar we are only concerned with a cause where a separate judgment may not be entered, the issues are closely related and where prejudice would result if a partial retrial was directed. In the first place, it is conceded that only one judgment may be entered. Next, the issues are not separate but closely related. As already noted, neither party may obtain a divorce unless that party not only establishes the guilt of the other, but has shown its own freedom from like guilt. (Civ. Prac. Act, § 1153.)

Moreover, in an action for divorce the issues are closely inter-related not only because the party, to be successful, must establish his own innocence as well as the guilt of the other party, but the relationship of the parties growing out of their marriage is such that the charges brought by one tend to provoke similar charges on the part of the other. Lastly, under the circumstances in the

case at bar, prejudice would result if a partial retrial of the issues were ordered. In order to see this most plainly, we must appreciate the issues which the plaintiff contends should be retried. Her contention is not that the new trial should be limited to the question of her guilt or innocence, as to which the jury disagreed, but also that there should be retried at the same time the question as to whether the defendant is guilty of adultery on the charge as to which the jury likewise disagreed. The defendant having been found guilty by the jury at the instance of the plaintiff on two other charges of adultery, why then, it is reasonable to ask, does the plaintiff wish again to find the defendant guilty of still another charge? It is not necessary so to do if the plaintiff can prove her own innocence, since she may then succeed in obtaining her divorce on either or both of the two charges of adultery already established. An apparent reason is that where there is a single charge and a counter-charge, the jury is very likely to compromise and find neither party guilty. This is exactly what is hoped for by the plaintiff. She could then rely upon the findings made in the partial verdict and on that verdict secure her divorce. Moreover, as a practical matter, if the plaintiff can try out the question of her own innocence after she has established the guilt of the defendant, then the force of the contention is increased ten-fold that the defendant, having been found guilty, is simply seeking in retaliation likewise to convict the plaintiff. In other words, the defendant would then be in the position of a man attempting to prove the guilt of his wife after his own guilt has been established.

Moreover, a limited retrial saves nothing either in the restewing of the mess or by way of expense, since the plaintiff admits that upon the retrial of the question concerning her relations with the corespondent Hann, all the testimony that was introduced at the previous trial can be shown by the defendant on the new trial to show inclination. The same is true as to the retrial upon the question concerning the adultery of the defendant. Under such circumstances there would be no saving either of time or expense by a retrial of a portion only of the issues.

The learned court thus acted well within his discretion in ordering a retrial of all the issues framed for trial.

The order appealed from should be affirmed.

O'MALLEY and SHERMAN, JJ., concur; MERRELL and McAVOY, JJ., dissent.

McAVOY, J. (dissenting). Plaintiff sued for divorce, and as a defense and counterclaim the defendant alleged certain adulteries of the plaintiff.

A number of questions were framed as to the defendant's and plaintiff's alleged adulteries. On issues as to charges made by plaintiff, the jury found two in the plaintiff's favor, disagreed as to one, and found the rest for the defendant.

On the questions framed as to the plaintiff's adulteries, the jury disagreed as to one and found the rest for the plaintiff.

The jury completely exonerated the plaintiff with respect to all the charges in all of the issues set up by the defendant concerning a dead corespondent. The jury found the defendant and one of defendant's corespondents guilty of committing adultery as set forth in two of the issues. That corespondent moved to set aside the verdicts by an order to show cause based on an affidavit of her attorney. The trial judge granted the motion of the corespondent, made an order setting aside the verdicts in favor of the plaintiff, declared a mistrial of the whole cause and set down the new trial of all the thirty-one issues for a later term. Plaintiff appeals from that order dated February 13, 1930.

The condition in which the case now exists prevents the entry of immediate judgment. To entitle the plaintiff to judgment it is not enough that the verdict finds the defendant guilty on one or more of the charges, but it must also find that the plaintiff is not guilty as to any of the counter-charges.

On the trial extending over a period of two weeks the defendant, Ray H. Arnold, was found to have committed adultery with Margaret Crenshaw West in an apartment of the defendant.

The issues of fact submitted to the jury were sufficient to justify a decree of divorce if found against either spouse.

A suit for an absolute divorce could have been instituted by either party using any one single issue charging the adultery of the opposite party, and the finding of the accused one guilty of committing adultery as charged in any one of those issues would have been sufficient to entitle the innocent party to a divorce.

Each issue of fact charging the adultery of the defendant which was sent to the jury was an independent ground for divorce. Each separate issue charging the plaintiff with committing adultery was likewise a ground for the judgment.

Each issue is perfectly distinct and severable from all the others and each issue involving adultery, although isolated, would have, if sustained, entitled either party to a judgment of divorce in his or her favor. A verdict for the plaintiff on only one issue establishing the fact that the defendant committed adultery and a disagreement on the other thirty separate issues would not affect the proceedings in any one of the issues framed by the order.

The situation was not changed because the parties joined in one

action a large number of distinct causes for divorce. The trial judge thought the established verdict on every question must be set aside because the jury failed to render a verdict on two of the thirty-one issues.

The facts covering the two remaining issues on which the jury disagreed are independent of every other fact in the case.

There were twenty-nine verdicts rendered here that were not defective. Each answer of the jury constituted one verdict and each party, plaintiff or defendant, to this suit could have based a separate cause of action for an absolute divorce on each issue of adultery joined in this case.

We conclude that the retrial of the two questions which the jury did not answer, leaving the verdict of the jury on the twenty-nine other questions undisturbed, is obviously the only logical method of concluding this litigation. *Finem litis lex requirit.*

There were eighteen verdicts directed by the trial judge and eleven verdicts found by the jury after submission to them. Only two questions upon which no agreement was reached remain to be determined. A corespondent who is dead was acquitted of any dereliction. Why should his alleged guilt be again examined? Why need the whole mess be restewed to the public disgust and detriment?

To compel the plaintiff to try thirty-one issues again, twenty-nine of which have been already fairly and properly decided, would deprive her of verdicts legally found. The guilt of the defendant has been definitely established by the jury on the trial and he is to be given two trials on the same issues on which his guilt has once been found.

" ' A divorce suit, while on its face a mere controversy between private parties of record, is as truly viewed, a triangular proceeding *sui generis*, wherein the public or government occupies in effect the position of third party.' " (*Winans* v. *Winans*, 124 N. Y. 140.)

The trial judge ruled that solely because the jury disagreed on one of the issues involving the plaintiff she must retry all of the issues including those on which the defendant had been found guilty and eight other issues involving the plaintiff, although the plaintiff had been found innocent by the jury thereon.

If a verdict of a jury, after a two weeks' trial, on twenty-nine separate and distinct issues of fact submitted to them for determination may be set aside when the trial judge excludes any question as to the verdicts being against the weight of evidence when there is no error of law asserted and no bias, nor prejudice, nor corruption on the part of the jury is claimed, " the guaranty [of a jury trial] is hardly worth preserving." (*Ridgely* v. *Taylor & Co.*, 126 App. Div. 303.)

Since section 443 of the Civil Practice Act authorizes the separate trial of one or more issues of fact in a case no obstacle lies opposed to a separate trial of issues upon which the jury has not reached agreement. That section states the rule:

" 3. The court, in its discretion, may order one or more issues to be separately tried prior to any trial of the other issues in the case."

" The Constitution does not provide, and there should not be interpolated into it a provision, that all of the issues, even though completely separate and distinct, must be tried at one and the same time. No amount of analysis will disclose any such protection or benefit to a litigant in having all of the issues submitted to a single jury as will render such a right one of the essential ones secured by the Constitution." (*Smith* v. *Western Pacific R. Co.*, 203 N. Y. 504.)

In the case last cited, the view was expressed by the Court of Appeals, in approval of a similar course, that in a partition action where several distinct and independent issues had been submitted to the jury, one of them incorrectly and the others correctly, a new trial might be granted as to the one without retrial of the others.

The procedure to judgment is simple and resolves itself into this method: Upon the retrial of the two issues upon which a disagreement was had, if the plaintiff prevails on her charge she will have added nothing to her right to a judgment of divorce than that which she already has by reason of the finding on the two issues in her favor. If the plaintiff, however, should prevail on the issue in which she is charged by the defendant with adultery, and verdict be rendered in her favor thereon, she will have a clear right to apply at Special Term for the interlocutory judgment. If she be defeated on the issue which charges her with adultery, the defendant will, nevertheless, be unable to obtain a judgment against her since her verdict on issues against him of adultery precludes a judgment for either, and the parties remain where the law found them since they would be, in that case, *in pari delictu*. If there be disagreement again, the parties may retry such issues as are not answered by the jury until the final determination results, or the parties withdraw their respective issues.

The resettled order of the Supreme Court, dated February 13, 1930, setting aside the verdicts of the jury, declaring a mistrial, and directing a new trial of all the issues in the case, should be reversed, with costs, and the twenty-nine verdicts of the jury reinstated.

MERRELL, J., concurs.

Order affirmed.