ROSE SACHS, Appellant, *v.* MICHAEL BLUM, Respondent.

First Department, June 8, 1934.

*Abraham Harris*, for the appellant.

*Sigmund Goldstein*, for the respondent.

UNTERMYER, J. The plaintiff recovered judgment against the defendant upon an alleged contract of employment after a trial before the court without a jury. Thereafter the defendant made a motion for a new trial returnable at Special Term, Part 1, on the ground of newly-discovered evidence, upon affidavits and upon the stenographic minutes of the trial. In connection with the motion no case was made and procured to be settled as provided by rule 221 of the Rules of Civil Practice. The motion was referred to the justice before whom the action had been tried, who concluded that the newly-discovered evidence was so material as to require that the motion be granted. He thereupon vacated the judgment and ordered a new trial.

We agree with the court below that the new evidence would justify the granting of a new trial if the defendant had complied with the procedural requirements relating to motions of this character in actions tried before the court without a jury. There was, however, no compliance here for the reason that no case was settled and signed. Section 549 of the Civil Practice Act does not apply for it allows such a motion to be made to the trial judge " upon his minutes " only after " a trial by a jury." (*Swenson v. Trowbridge*, 195 App. Div. 310.) Where the action is tried without a jury, a motion for a new trial must be made at Special Term, as provided by section 552 of the Civil Practice Act. (*Landon v. Frank Improvement Co., Inc.*, 125 Misc. 509.) In that event rule 221 is applicable and provides: " A party intending to move for a new trial of an issue of fact must make a case and procure the same to be settled and signed in the same manner as on an appeal from a judgment rendered after the trial of such an issue, except where the motion is on the minutes of the judge who presided at a trial by a jury, or on an allegation of irregularity or surprise or except as otherwise provided by law." It follows from rule 221 that where the motion is made upon the ground of newly-discovered evidence after a trial by the court without a jury, a case is required to be settled and signed. (Such also is

the established practice. (*Schuster* v. *Tompkins*, 180 App. Div. 503; *Preleson* v. *Ali*, 142 Misc. 296; *Friedman* v. *Friedman*, 122 id. 700.) The objection is one which may be waived (*Russell* v. *Randall*, 123 N. Y. 436), but it was not waived by the plaintiff here. The record reveals without dispute that the motion was opposed, in part at least, upon that ground and this is confirmed by the brief submitted by the plaintiff to the court below.

We are, therefore, constrained to reverse the order appealed from, even though the result is not likely to be different if the motion for a new trial is renewed upon a case duly settled and signed. The Rules of Civil Practice have the force of statutes (Civ. Prac. Act, § 7, subd. 9; Judiciary Law, § 82), and although, like statutes, they may at times result in inconvenience, are not to be disregarded by this court.

The order setting aside the judgment and granting a new trial, and the order granting plaintiff's motion for reargument and on reargument adhering to the original determination, should be reversed, with twenty dollars costs and disbursements, and the motion to set aside the judgment and for a new trial denied, with ten dollars costs, without prejudice to a renewal thereof upon a case made and settled as required by rule 221 of the Rules of Civil Practice. The appeal from the order denying plaintiff's motion for resettlement of order entered June 27, 1932, should be dismissed.

FINCH, P. J., MARTIN and O'MALLEY, JJ., concur; MERRELL, J., dissents.

Order entered on June 27, 1932, as resettled by the order entered on January 6, 1933, and the order entered June 30, 1932, reversed, with twenty dollars costs and disbursements to the appellant, and the motion to set aside the judgment and for a new trial denied, with ten dollars costs, without prejudice to a renewal thereof upon a case made and settled as required by rule 221 of the Rules of Civil Practice. Appeal from order entered August 3, 1932, dismissed.