LUCY LOPEZ and PAUL LOPEZ, Respondents, *v.* IRVING MARGULIES, Appellant.

First Department, March 13, 1936.

*Emil H. Wasserberger,* for the plaintiffs.

*Harold M. Phillips,* for the defendant.

PER CURIAM. It does not appear whether defendant objected to the granting of the motion for a new trial on the ground that it was based on affidavits alone and that no case settled and signed was before the court on the motion. If he did so, that would have been a ground for denying the motion, or ordering a case to be made as required by rule 221 of the Rules of Civil Practice. If he did not raise that question at the Special Term, he waived it (*Russell* v. *Randall,* 123 N. Y. 436; *Sachs* v. *Blum,* 241 App. Div. 384), and would be entitled to review on the appeal only such questions as can be fairly presented on the affidavits alone. In either event, the settled case can form no part of the record on appeal, because the motion for a new trial and the order granting the same were based only upon the affidavits and the pleadings.

The motion to dismiss the appeal should be denied, the motion for an extension of time granted in so far as to extend appellant's time to file the record on appeal and appellant's points to and including the 23d day of March, 1936, with notice of argument

for April 7, 1936, and the stay contained in the order of this court entered on February 20, 1936, continued pending the appeal, upon condition that the record and points be filed accordingly with notice of argument.

Present — MARTIN, P. J., McAVOY, O'MALLEY, TOWNLEY and GLENNON, JJ.

Motion to dismiss appeal denied. Motion for an extension of time granted in so far as to extend appellant's time within which to file the record on appeal and appellant's points to and including March 23, 1936, with notice of argument for April 7, 1936, and the stay contained in the order of this court entered February 20, 1936, continued pending the appeal, upon condition that the record and appellant's points be filed accordingly with notice of argument.