JOHN LUBUK, Plaintiff, *v.* SOPHIE LUBUK, Defendant.

Supreme Court, Special Term, Queens County, June 4, 1943.

*Louis Levine* for plaintiff.

*Jacob Leiman* for defendant.

COLDEN, J. In an action for divorce in which the issues of adultery were tried by a jury under an order of the court made pursuant to section 1149 of the Civil Practice Act, the Trial Justice immediately upon the rendition of the verdict in favor of the plaintiff entertained and thereupon denied the defendant's motion to set it aside pursuant to the provisions of section 549 of the Civil Practice Act.

The defendant has now moved in Special Term upon a settled case, as required by rule 221 of the Rules of Civil Practice, for an order setting aside the jury's verdict and directing a new trial of the issues of adultery upon the grounds that the Trial Justice committed prejudicial error in the application

of the hearsay rule and in the exclusion of certain evidence; that she was deprived of a fair trial in the court's excessive participation in the examination of witnesses and inflammatory instructions to the jury.

I doubt whether a justice presiding at Special Term has the power to review and pass upon the judicial acts of a justice of co-ordinate jurisdiction who presided at the jury trial of framed issues in a divorce case. It would seem that the motion may be made at a Special Term presided over by the judge who sat at the trial (4 Carmody, New York Pleading and Practice, § 1439; *Landon* v. *Frank Improvement Co.,* 125 Misc. 509); otherwise we would have the anomalous situation of having a justice at Special Term reviewing the judicial acts of another justice and thus assuming appellate jurisdiction over a verdict which is conclusive unless set aside. (Civ. Prac. Act, § 429; *Lowenthal* v. *Lowenthal,* 157 N. Y. 236; *Goldstein* v. *Goldstein,* 212 App. Div. 470.) Such a verdict is not the same as that in an equity case where the court, using the jury's findings for the guidance of its conscience, is at liberty to accept or reject them. (Civ. Prac. Act, § 430.)

As was held by Mr. Justice McCook in *Arnold* v. *Arnold* (136 Misc. 29, affd. 230 App. Div. 79) the words " triable by the court ", as used in the second paragraph of rule 221 of the Rules of Civil Practice, " might seem on their face to apply to the issue in an action for divorce, since that issue may be tried by a court without a jury. However, it is clear from a study of sections of the Civil Practice Act, as well as the authorities, that such is not their meaning. * * * The issue of adultery arising in a divorce action is not framed in equity and sent to a jury to enlighten the conscience of the court, but is one where the party demanding it is entitled by express provision of law, to a trial by jury, whose finding is conclusive unless the verdict is set aside or a new trial is granted. (*Lowenthal* v. *Lowenthal,* 157 N. Y. 236, 243.) It seems to have been the practice in this State for *trial* justices to set aside defective verdicts, or verdicts *otherwise bad,* in a case like the one in suit." (Italics supplied.)

Accordingly, the instant application is respectfully referred to the Justice who presided at the trial.