Kenneth S. MacAffer, J.
This case was heretofore and on stipulation of counsel referred to the Appellate Division of the Third Department for the appointment of an Official Referee to hear, try and determine the issues involved. The Appellate Division accordingly designated the Honorable Christopher J. Heffernan, Official Referee for that purpose. After trial of the action before the Honorable Christopher J. Heffernan, Official Referee, and on the 8th day of July, 1957 judgment was entered in the Albany County Clerk’s office in favor of the plaintiff and against the defendants for certain equitable relief with respect to certain real property upon findings of fact and conclusions of law made by the said Official Referee.
The defendants Filkins bring this motion at Special Term, Albany County, to set aside said judgment and for a new trial on the ground of newly discovered evidence.
The motion was properly made returnable at the Special Term of this court. (Civ. Prac. Act, § 552.) The question arises as to whether the motion should be referred to the Honorable Christopher J. Heffernan, Official Referee, or should be determined by the Justice presiding at the Special Term. Both parties express concern as to the jurisdiction of the aforesaid Official Referee to pass upon the motion.
The procedure on such a motion where the determination was made by a Justice of this court has been clearly set forth.
In the case of Travitzky v. Schamroth (277 App. Div. 1018) the court said at page 1019: “We deem it appropriate to observe, without intending any criticism, that the proper practice on a motion for a new trial on the ground of newly discovered evidence is to have it made at Special Term and referred from there to the justice who presided at the trial, *1091 if he is available, and that justice should pass upon the motion.” (See, also, Lubuk v. Lubuk, 181 Misc. 852; Sachs v. Blum, 241 App. Div. 384.)
The Official Referee, upon being designated by the Appellate Division to hear, try and determine the issues in this case, was clothed with all the power and authority with respect thereto that might be exercised by a Justice of the Supreme Court at a Special Term thereof. Section 117 of the Judiciary Law provides for the powers of official referees. Such statute reads in part as follows: “As to all motions, actions or proceedings submitted to an official referee by stipulation of the parties appearing therein, or order of the court, except matrimonial actions, the same shall be deemed duly referred to said official referee and, in addition to all the powers now conferred by section four hundred sixty-nine of the civil practice act, he shall proceed therein with the same power and authority as a justice presiding at a regular special term of the supreme court and entertain and grant motions for a new trial, grant stays and orders to show cause, and he shall have similar jurisdiction and authority as to any other action or proceeding referred to him by order of the supreme court including matrimonial actions.” (Emphasis supplied.)
After a judgment has been entered the judicial officer who directed the entry of the same retains jurisdiction for the purpose of making an order settling the case on appeal (Rules Civ. Prac., rule 230) and determining motions which might be made with respect to such judgment. (Civ. Prac. Act, §§ 457-a, 552; Rules Civ. Prac., rules 60-a, 200; 7 Carmody-Wait on New York Practice, § 37, p. 140; § 130, p. 373.) That the Official Referee was designated by the Appellate Division and not by the Special Term does not preclude the Special Term from referring matters in connection with the trial of that case to the Referee so designated. The designation of the Referee by the Appellate Division would seem to require that Special Terms of this court refer all phases of such litigation which might be passed upon by the Special Term to such designated Official Referee. This court therefore reaches the conclusion that the Honorable Christopher J. Hefferhah, Official Referee, is vested with jurisdiction to hear and determine this motion for a new trial and that this court must in view of the authorities cited refer the motion to him.
This court accordingly hereby refers the aforesaid motion for a new trial to the Honorable Christopher J. Hefferhah for determination thereof.
Defendants Filkins to submit order.